{¶ 22} I respectfully dissent to the majority's decision. I agree that R.C. 3111.04(A) is not unconstitutional on its face; however, I disagree that there is insufficient evidence provided to make a determination regarding whether the statute is unconstitutional as applied and, in this case, would find that the statute's application to these appellees is unconstitutional.
 {¶ 23} There is no dispute that Kim and Gary are husband and wife, and that Gary is presumed to be the natural father of the child. As Gary is the presumed father, *Page 9 
appellees argue that the application of R.C. 3111.04(A) in this case would infringe on their constitutionally protected right to maintain their unitary family and raise their children without unnecessary governmental intrusion. On the other hand, appellant argues that he has a liberty interest in establishing whether or not he is the biological father of the child.
 {¶ 24} The United States Supreme Court has recognized the conflict between the two competing interests of the natural father and the husband of the marriage. In Lehr v. Robertson (1983), 463 U.S. 248, 262, the court observed that the significance of the biological connection is that it offers the natural father an opportunity that no other male possesses to develop a relationship with his offspring. Where, however, the child is born into an extant marital family, the natural father's unique opportunity conflicts with the similarly unique opportunity of the husband of the marriage to parent the child. Michael H. v. GeraldD., 491 U.S. 110, 129. In such instances, the United States Supreme Court has affirmatively held that it is not unconstitutional for the husband of the marriage to be given categorical preference over the natural father. Id.
 {¶ 25} Furthermore, the United States Supreme Court has found that the relationship of love and duty in a recognized family unit is an interest in liberty entitled to constitutional protection. Lehr v.Robertson, 463 U.S. at 258. While the court has recognized that each married parent after divorce has some substantive due process right to maintain his or her parental relationship, the court has not extended such a right to every unwed parent. Id. at 260. In fact, the court has determined that parental rights do *Page 10 
not spring full-blown from the biological connection between parent and child, but that they require more enduring relationships. Id.
 {¶ 26} In the instant case, appellant has not established that prior to filing his complaint, when the child was nearly 18 months old, he pursued a relationship with the child, or attempted to provide any financial support. Thus, any substantive constitutional claim that might otherwise exist by virtue of appellant's actual relationship with the child has not been demonstrated. See Lehr v. Robertson, 463 U.S. at 260.
 {¶ 27} As a result, in accord with the reasoning of the United States Supreme Court in Michael H. and Lehr, appellant's interest in establishing paternity is outweighed by appellees' constitutional right to the protection of the family unit, and Gary's right to parent the child born during his marriage to Kim. Accordingly, R.C. 3111.04(A), as applied to these parties, is unconstitutional. I would therefore affirm the decision of the trial court dismissing appellant's complaint in parentage, for DNA testing, and other relief. *Page 1